## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANTS

Casey D. Cloyd
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Gary G. Hanner
Hanner Law Office
Rockville, Indiana

Hugh J. Totten
Law Office of Hugh J. Totten, P.C.
Valparaiso, Indiana

### IN THE
# COURT OF APPEALS OF INDIANA

DNS Allen, LLC d/b/a D and S Allen, LLC,

Appellant/Plaintiff/Counterclaim-defendant,

v.

Alan Cox and Catherine Ann Cox,

Appellees/Defendants/Counterclaim-plaintiffs.

Mikeal Scott Allen,

June 1, 2017

Court of Appeals Case No. 61A01-1609-CC-2141

Appeal from the Parke Circuit Court

The Honorable Samuel A. Swaim, Judge

Trial Court Cause No. 61C01-1407-CC-233

Appellant/Third-party Defendant,

v.

Alan Cox and Catherine Ann Cox,

Appellees/Third-party Plaintiffs.

**Bradford, Judge.**

# Case Summary

[1] DNS Allen, LLC ("DNS"), filed suit against Alan Cox and Catherine Cox ("the Coxes") on July 10, 2014, alleging that the Coxes owed money for work performed on their home and seeking to foreclose on a mechanic's lien. The Coxes filed an answer to the complaint, a counterclaim against DNS, and a third-party complaint against DNS's owner Mikeal Scott Allen ("Allen") seeking relief for breach of contract, deceptive acts, violations of the Home Improvement Contract Act ("HICA"), and slander of title.

[2] A bench trial was held on June 29, 2015. After three days of evidence and a visit by the trial judge to the real estate, the judge found DNS liable for breach of contract, violation of HICA, and slander of title. The trial court also pierced the corporate veil and found Allen personally liable to the Coxes.

[3] On appeal, the appellants raise the following restated issue: whether the trial court erred in piercing the corporate veil *sua sponte*. Despite there being ample evidence that Allen's construction work on the Coxes' home was of extremely

poor quality and directly contrary to their specifications, we must reverse the trial court's decision to pierce the corporate veil.

# Facts and Procedural History

[4] DNS was a limited liability company with an address in Fishers, Indiana, specializing in residential and commercial contracting. Allen was the owner of DNS and the person with whom the Coxes dealt. In January, 2013, the Coxes contracted with Allen to remodel their home and construct an addition as well. The contract did not contain the Coxes' street address, a start or end date for the construction, or details regarding specific contingencies that would materially change the completion date.

[5] Construction began in January 2013 and continued until May 21, 2013. The Coxes paid $63,000.00 for the remodeling work and new construction. At some point in time, the construction work stopped, DNS presented the Coxes with a bill for an additional $17,000.00, and requested a punch list.[1] The Coxes did not provide a punch list, but did pay $5000.00.

[6] The Coxes, as some point, asserted that the construction work done by DNS had not been done in a workman-like manner. Specifically, among other things, the Coxes asserted that the new addition was unlevel, the doors were

---

[1] A punch list is a list of "usually minor tasks to be completed at the end of a project." "punch list." *Merriam-Webster.com*, (May 23, 2017), https://www.merriam-webster.com/dictionary/punch%20list.

improperly hung, the roof tiles were the wrong color, a shower was improperly installed, the kitchen cabinets were improperly installed, and an exterior door was installed without the Coxes consent. The Coxes, through counsel, notified DNS and Allen that they wanted their $63,000.00 back for the alleged substandard work and for violations of HICA.

[7] On July 10, 2014, DNS filed a complaint alleging breach of contract and seeking to foreclose a mechanic's lien. On July 18, 2014, the Coxes filed a counterclaim against DNS and a third-party complaint against Allen. The Coxes made similar claims regarding breach of contract, HICA, and slander of title against both DNS and Allen.

[8] A bench trial was held from June 29, 2016 to July 1, 2016 in Parke County. On August 23, 2016, the trial court issued an order finding DNS liable for breach of contract, a violation of HICA, and slander of title. The trial court made the following findings regarding the defects in the construction:

> 25. Allen selected, purchased and installed a refrigerator in Alan and Cathy's new kitchen in a space poorly designed for said refrigerator. One door of the refrigerator would not completely open and Allen simply advised Cathy Cox that "she would get use to it" and "mine is like that." A skilled contractor would not choose and purchase an appliance without consulting his clients first, especially one that does not fit in the space he created.

> 26. Allen conceded that Alan and Cathy should have input into what appliances would be installed but the kitchen appliances were selected and purchased by Allen without allowing input from Alan and Cathy. They were brought in and installed the

last day he was at Alan and Cathy's home and installed before Cathy got home from work.

27. Allen was told by Alan and Cathy that they wanted gray or black roofing to match their existing buildings. However, Allen installed a red or maroon roof on Alan and Cathy's home without their approval.

28. Alan and Cathy told Allen that they wanted interior wood trim installed in the kitchen, laundry room and bathroom to match the existing oak trim in their home. Instead of wood trim, Allen installed fiberboard. This includes the base, door and window casing, door jambs, jamb extensions, wall caps, and chair rail.

29. Allen was instructed to build a closet in the laundry room and did not do so.

30. Allen installed a pet door and an exterior door to the laundry room. Neither of these were requested by Alan and Cathy and were not listed in the Contract.

31. Alan poured a cement porch incorrectly and it ponds water. To correct it properly it must be torn out and re-poured.

32. As a result of the floors not being level, the walls are not plumb and the door [jambs] are not plumb.

33. The pocket doors that Allen installed do not close properly.

34. The foundation for the new structure is not aligned with the existing structure.

Appellant's App. pp. 14-15.

[9] The trial court also pierced the corporate veil and found Allen personally liable to the Coxes. On appeal, appellants challenge only whether the trial court erred in piercing the corporate veil and finding Allen personally liable to the Coxes.

# Discussion and Decision

## *Standard of Review*

[10] When, as here, the trial court enters findings of fact and conclusions thereon, we apply the following two-tiered standard of review: we determine whether the evidence supports the findings and the findings support the judgment. *Clark v. Crowe,* 778 N.E.2d 835, 839 (Ind. Ct. App. 2002). The trial court's findings of fact and conclusions thereon will be set aside only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. *Id.* at 839-40. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* at 840. This court neither reweighs the evidence nor assesses the credibility of witnesses, but considers only the evidence most favorable to the judgment. *Id.*

*Thomas v. Thomas*, 923 N.E.2d 465, 468-69 (Ind. Ct. App. 2010).

[11] The only question before us on appeal is whether the trial court erred by piercing the corporate veil and finding Allen personally liable to the Coxes. In this case, the trial court pierced the corporate veil due to "Allen's gross violation of the Indiana Home Improvement Contract Act." Appellant's App. p. 21. There is no authority for the proposition that a HICA violation, however

gross, can justify piercing the corporate veil by itself. Under HICA, the legislature sought to place minimum requirements on home improvement contracts in order to protect consumers; it is not an alternative method to impose personal liability on the shareholder of a limited liability company. It was clearly erroneous for the trial court to pierce the corporate veil due to Allen's HICA violations.

[12] Moreover, there is nothing in the findings of fact and conclusions of law that supports piercing the corporate veil. As a general rule, shareholders are not personally liable for the acts of a corporation. *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994).

> "While an Indiana court will impose personal liability to protect innocent third parties from fraud or injustice, the burden is on the party seeking to pierce the corporate veil to prove that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice." *Id*.

> In deciding whether a plaintiff has met this burden of proof, an Indiana court considers whether the plaintiff has presented evidence showing: (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form.

*Id*.

[13] Piercing the corporate veil is highly dependent on the equities of the situation, and our inquiry tends to be highly fact-driven. *Reed v. Reid*, 980 N.E.2d 277, 301 (Ind. 2010). After reviewing the record and considering the factors from *Aronson*, we do not find sufficient grounds to overcome the presumption of limited liability and pierce the corporate veil. *Aronson*, 644 N.E.2d at 86. Finally, it is unclear if DNS and Allen were even on notice that the corporate veil may be pierced due to the lack of evidence regarding such doctrine in the pleadings and during trial and the fact that the Coxes apparently did not raise the issue at the trial court level.

[14] The record does, however, provide ample evidence that DNS breached its contract with the Coxes. There is also substantial evidence that DNS's contract did not comply with HICA. The work was not completed in a "workman-like" manner. Between the HICA violations and the evidence that DNS breached its contract, it is clear that the Coxes are entitled to damages and attorneys fees. However, because it was inappropriate to pierce the corporate veil in this case, judgement can only be entered against DNS not Allen individually.

[15] We reverse the trial court's finding to pierce the corporate veil and find Allen personally liable and remand with instructions to adjust the judgment accordingly.

Brown, J., and Pyle, J., concur.